UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| SWEPI LP, a Delaware ) | |
| Limited Partnership, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 1:14:cv-00035 |
| ) | JB/SCY |
| MORA COUNTY, NEW MEXICO; ) | |
| MORA COUNTY BOARD OF COUNTY ) | |
| COMMISSIONERS, PAULA A. GARCIA, ) | |
| Mora County Commissioner; ) | |
| JOHN P. OLIVAS, Mora County ) | |
| Commissioner; and ALFONSO J. GRIEGO, ) | |
| Mora County Commissioner, ) | |
| ) | |
| *Defendants* ) | |
| ) | |
| and ) | |
| ) | |
| LA MERCED DE SANTA GETRUDIS DE LO ) | |
| DE MORA, a Land Grant Entity; and ) | |
| JACOBO E. PACHECO, an individual, ) | |
| ) | |
| *Intervenors* ) | |

**MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), La Merced de Santa Getrudis de lo de Mora, a New Mexico Land Grant Entity, and Jacobo E. Pacheco, an individual (collectively, "Intervenors") respectfully move this Court to dismiss the Complaint filed in this action for the following reasons:

1. On April 29, 2013, the people of Mora County, New Mexico and the Mora County Board of County Commissioners adopted the "Mora County

   Community Water Rights and Local Self-Government Ordinance", Ordinance 2013-01. (Doc. 1, Ex. 1. "Ordinance").

2. The Mora County Board of County Commissioners enacted the Ordinance as an exercise of their police powers and their statutory authority.

3. The people of Mora County adopted the Ordinance as an exercise of their constitutionally guaranteed and inherent rights to local self-government.

4. The Ordinance, adopted by the people of the County and the municipal corporation, created a community bill of rights for the people of Mora County, while protecting those rights by prohibiting commercial hydrocarbon extraction, and related activities, within the County. *Id.* at §5.1 to §5.4.

5. The Ordinance protects the enforceability of the bill of rights and the Ordinance's prohibitions by subordinating corporate rights and powers to the people's rights, and to the prohibitions necessary to protect those rights.

6. Specifically, the Ordinance establishes that corporations - either operating in violation of the ordinance's prohibitions or seeking to engage in activities that would violate the ordinance's prohibitions – shall not possess certain constitutional and legal protections within Mora County, which would interfere with the enforcement of the Ordinance. *Id.* at §§5.5 and 5.6.

7. Section 5.5 of the Ordinance establishes that those corporations "shall not have the rights of 'persons' afforded by the United States and New Mexico

    Constitutions," nor shall those corporations "be afforded the protections of the commerce or contracts clauses within the United States Constitution or corresponding sections of the New Mexico Constitution."

8. Section 5.6 of the Ordinance establishes that those corporations "shall not possess the authority or power to enforce State or federal preemptive law against the people of Mora County, or to challenge or overturn County ordinances adopted by the Mora County Commission when that enforcement or challenge. . . interferes with the authority of the county to protect the health, safety, and welfare of its residents."

9. The Ordinance defines a "corporation" as "any corporation, limited partnership, limited liability partnership, business trust, or limited liability company." *Id*. at §3.1.

10. On or about January 10, 2014, SWEPI, LP [hereinafter "Plaintiff-Corporation"], a Delaware limited partnership with its principal place of business in Houston, Texas, filed the above-captioned action with this Court (served on Defendant Mora County on January 27, 2014), seeking declaratory relief, injunctive relief, and damages from Mora County.

11. The Plaintiff-Corporation is a "corporation" as that term is defined within the Ordinance.

12. In its Complaint, the Plaintiff-Corporation alleges violations of the entity's "personhood" rights – its equal protection rights, due process rights, federal 1st Amendment rights, and federal 14th Amendment rights, in

addition to its non-personhood rights, such as those claimed under the commerce clause in the U.S. Constitution.

13. In its Complaint, the Plaintiff-Corporation further alleges that the Ordinance is preempted by state law. *See* Complaint Doc. 1 at 21-23.

14. Pursuant to §5.5 of the Ordinance, however, the Plaintiff-Corporation lacks equal protection, commerce clause, due process, 1st Amendment, and 14th Amendment protections within Mora County.

15. Pursuant to the part of Sec. 5.6 of the Ordinance applicable to Corporations. Swepi does not have the authority "to enforce State or federal preemptive law against the people of Mora County, or to challenge or overturn County ordinances adopted by the Mora County Commission, when that enforcement or challenge interferes with the rights asserted by this ordinance or interferes with the authority of the county to protect the health, safety, and welfare of its residents." (Intervenors do not believe that the provision in Sec. 5.6 that applies to individuals is applicable to Swepi, a corporation, and accept the argument that the County does not have the authority to impinge upon the constitutional, statutory or environmental rights of human individuals)

16. The Mora County municipal corporation possesses both statutory and inherent authority to create, recognize, and secure the civil, political, and environmental rights of the residents of Mora County, but under no circumstances can the municipal corporation violate, limit or impinge

...

upon the constitutional or statutory or environmental rights of human individuals.

17. The Mora County municipal corporation possesses both statutory and inherent authority to secure and enforce peoples' civil, political, and environmental rights by subordinating corporate rights and powers to those of the people of Mora County.

18. The Plaintiff-Corporation has failed to state a claim upon which relief can be granted.

19. The Plaintiff-Corporation lacks standing to maintain this claim.

20. The Plaintiff opposes this Motion and the County Defendants support it.

*Accordingly*, for the reasons set forth above the Intervenors move for a dismissal of the Complaint pursuant to Fed. R.Civ.Pro. 12(b)(1) and 12(b)(6). Respectfully submitted this 15th Day of December, 2014

/s/ Jeffrey H. Haas
 Jeffrey H. Haas, Esq.
1433 Seville Road
Santa Fe, New Mexico 87505
(505) 469-0714
Jeffhhaas@aol.com
*Attorney for Intervenors*


**Certificate of Service**

I HEREBY CERTIFY that on the 15th day of December, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

*Attorneys for Defendants*

6

        NANCY R. LONG
        JUSTIN W. MILLER
        P. O. Box 5098
        Santa Fe, NM  87502-5098
        505-982-8405
        nancy@longpoundkomer.com
        justin@longpoundkomer.com
        email@longpoundkomer.com

*Attorneys for Plaintiff*
 Bradford C. Berge
 John C. Anderson
 Larry J. Montano
 Michael H. Feldewert
 bberge@hollandhart.com
 jcanderson@hollandhart.com
 lmontano@hollandhart.com
 mfeldewert@hollandhart.com